UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEXUAL SIN DE UN
ABDUL BLUE,

    Plaintiff,

v.

                                    Case No. 19-13249
                                    Honorable Victoria A. Roberts
                                    Mag. Judge R. Steven Whalen

DOUG VAN FRANCIS ORSDALL,

    Defendant.
_____/

## **ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2] AND SUMMARILY DISMISSING PLAINTIFF'S AMENDED COMPLAINT [ECF No. 6]**

### I.    INTRODUCTION/BACKGROUND

*Pro se* Plaintiff Sexual Sin De Un Abdul Blue filed an *in forma pauperis* suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Plaintiff's allegations are sparse and unclear, but it appears he alleges Defendant Doug Van Francis Orsdall breached a co-ownership contract that detailed the breeding and care of a male American Kennel Club registered Chinses Shar Peris named "Sir Blackie of Sexual Blue." Plaintiff requests enforcement of the contract.

The contract states that Defendant paid Plaintiff $1,200 for co-ownership of Sir Blackie. In return, Plaintiff agreed to the following conditions: (1)

Plaintiff provided Defendant with the original registration of the dog; (2) Defendant took "full responsibility for said dog and agrees to provide quality nutrition, pay all medical expenses and showing expenses when showing said dog;" (3) Defendant agreed "in case of accident or injury to notify co-owner [Plaintiff] immediately;" (4) Plaintiff consented that "the decision of whether or not said dog will be bred is at the full discretion of owner [Defendant];" (5) Plaintiff agreed that "the marketing and sales of all puppies will be at the discretion of owner [Defendant];" and (6) Defendant allowed Plaintiff to have the first right of refusal, if he became unable to care for the dog. [ECF No. 6, PageID.51-52].

Plaintiff asserts six claims: count I (tortious interference with an advantageous business relationship or expectancy), count II (breach of contract), count III (unjust enrichment), count IV (conversion), count V (fraudulent misrepresentation), and count VI (injunctive relief).

## II. ANALYSIS

Plaintiff did not pay the filing fee and filed an "Application to Proceed *In Forma Pauperis*." The Court allows it.

In 1892, Congress enacted an *in forma pauperis* statute "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v.*

*Williams*, 490 U.S. 319, 324, (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 342-43 (1948)). Proceeding *in forma pauperis* is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir.1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991).

Courts must construe *pro se* pleadings liberally. *Boag v. MacDougall*, 454 U.S. 364. 365 (1982); *Haines v. Kerner*, 404 U.S. 519. 520 (1972). However, a court must dismiss an *in forma pauperis* complaint that it determines to be frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e).

A *pro se* complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468. 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)). Additionally, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their own jurisdiction. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

The Court summarily dismisses Plaintiff's amended complaint because the allegations, even liberally construed, do not state plausible claims.

Plaintiff's claims of fraud in the inducement, unjust enrichment, and breach of contract are patently refuted by the express terms of the contract; Plaintiff is also not entitled to relief for "conversion" and "tortious interference with an advantageous business relationship and expectancy."

**1. Count I- Tortious Interference with an Advantageous Business Relationship or Expectancy**

Plaintiff claims "Defendant was aware of the Plaintiff's advantageous business relationship and expectancy with the future breeders" when Defendant refused to breed the dog. [ECF No.6, PageID. 42].

To properly plead intentional interference with business relations, Plaintiff must allege: (1) a valid business relationship or expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) an intentional interference inducing or causing a breach or termination of a relationship or expectancy; and (4) damages. *Compuware Corp. v. Int'l Bus. Machines,* 259 F.Supp.2d 597, 604 (E.D.Mich.2002) (citing *Michigan Podiatric Medical Ass'n v. National Foot Care Program, Inc.,* 175 Mich.App. 723, 735, 438 N.W.2d 349 (1989)).

For a claim of tortious interference with business relations, Plaintiff "'must allege the intentional doing of a *per se* wrongful act or the intentional

4

doing of a lawful act with malice and unjustified in law for the purpose of invading [P]laintiff's contractual rights or business relationship.'" *Chrysler Int'l Corp. v. Cherokee Export Co.,* 134 F.3d 738, 745 (6th Cir.1998) (quoting *Feldman v. Green,* 138 Mich.App. 360, 368, 360 N.W.2d 881 (1984)). "'To establish that a lawful act was done with malice and without justification, the plaintiff must demonstrate, with specificity, affirmative acts by the defendant that corroborate the improper motive of the interference.'" *Ritten v. Lapeer Reg'l Med. Ctr.,*611 F.Supp.2d 696, 729–30 (E.D.Mich.2009) (quoting *Mino v. Clio School District,* 255 Mich.App. 60, 661 N.W.2d 586, 597 (2003).

Plaintiff cannot proceed on this claim. He fails to allege with specificity any affirmative acts by the Defendant that corroborate an improper motive of interference. Count I is dismissed without prejudice.

**2. Count II - Breach of Contract**

Plaintiff alleges Defendant "failed to perform under the contract and breached the contract…" [ECF No. 6, PageID. 43]. However, Plaintiff fails to allege what terms Defendant allegedly breached.

"[T]he basic elements of a breach of contract case…include (1) the existence of a contract, (2) breach of the contract, and (3) damages which

5

flow from the breach." *Life Care Centers of America, Inc. v. Charles Town Associates Ltd. P'ship*, 79 F.3d 496, 514 (6th Cir. 1996).

Plaintiff's breach of contract allegation relies on conclusions and generalizations. He has not explained how the Defendant allegedly breached the contract or what damages Plaintiff sustained from the alleged breach. Therefore, he has not sufficiently plead a breach of contract claim, nor does it appear that he could based on these factual allegations.

Count II is dismissed without prejudice.

### 3. Count III - Unjust Enrichment

As an alternative to his breach of contract claim, Plaintiff alleges unjust enrichment. He says Defendant was unjustly enriched by "the money, property, and materials received by the Plaintiff." [ECF No.6, PageID. 44].

To properly plead a claim for unjust enrichment, a plaintiff must allege: (1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant. *Belle Isle Grill Corp. v. City of Detroit,* 256 Mich. Ct. App 463, 478; 256 Mich.App. 463, 666 N.W.2d 271, 280 (2003).

It is not enough for a plaintiff to state defendant has been unjustly enriched to the plaintiff's detriment, without providing supporting

6

details. *Smith v. Bank of America Corp.* 2011 U.S. Dist. LEXIS 14446, at *19, 2011 WL 653642 (E.D.Mich. Feb. 14, 2011) (dismissing allegations because plaintiff "merely stated that the Defendants were unjustly enriched and…provided no supporting allegations.").

Here, Plaintiff alleges that the Defendant misled him by not "providing the full value of goods and services." [ECF No. 6, PageID. 44]. But, Plaintiff provides no further detail about: (1) what good and services Plaintiff was deprived of as a result of the alleged breach; (2) what specific promise Defendant made to Plaintiff; or (3) how Defendant has been unfairly enriched by the money, property, and materials received from the Plaintiff. [ECF No. 6, PageID. 44].

Further, because Plaintiff's claim is based on allegations of fraud, he must meet the requirements of Rule 9(b) and plead with particularity the circumstances surrounding the fraud. *Brown v. Bank of New York Mellon,* 2011 WL at *3, citing. *US ex rel SNAPP, Inc. v. Ford Motor Co.,* 532 F.3d 496, 504 (6th Cir.2008). Plaintiff fails to do so.

Count III is dismissed without prejudice.

**4. Count IV – Conversion**

Plaintiff cannot plausibly state claims for statutory or common law conversion because Plaintiff's conversion claims are not distinct from his

7

breach of contract claim; the claims arise entirely from the parties' contract rights. *See Devon Indus. Grp., LLC v. Demrex Indus. Servs., Inc.,* 11–10313, 2012 WL 4839013 (E.D.Mich. Oct. 11, 2012) (no conversion claim "when the claim was based upon funds held pursuant to a contract and where the conversion claim was not based on some duty independent of the contract"); [ECF No. 6, PageID. 37-43].

A conversion claim "cannot be brought where the property right alleged to have been converted arises entirely from the [plaintiff's] contractual rights." *Llewellyn-Jones*, 22 F. Supp.3d at 788. "[T]he law in Michigan is well-settled that an action in tort requires a breach of duty separate and distinct from a breach of contract." *Brock v. Consolidated Biomedical Labs.*, 817 F.2d 24, 25 (6th Cir. 1987).

Because Plaintiff's cause of action arises from an alleged breach of the contract, he cannot maintain either a common law or statutory conversion claim.

Count IV is dismissed with prejudice.

**5. Count V - Fraudulent Misrepresentation**

Plaintiff fails to make sufficient fraud allegations against Defendant. Plaintiff states broadly that "Defendant intentionally made false representations of material facts regarding the contracts." [ECF No. 6,

PageID. 45]. The amended complaint does not describe what, if any, misrepresentations Defendant made or how Plaintiff relied on these alleged misrepresentations.

Under Fed.R.Civ.P. 9(b), a party must state "with particularity" the circumstances constituting the fraud. Plaintiff must "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud" or, "the 'who, what, when, where, and how' of the alleged fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (citations omitted).

To properly plead fraud in the inducement, a party must show: "(1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth and as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage." *Custom Data Solutions, Inc. v. Preferred Capital, Inc.*, 274 Mich. App. 239, 243 (2006).

Plaintiff overlooks the "where" of the alleged fraud; that is, he fails to allege facts regarding the specific communications or channel through

which Defendant made his alleged misrepresentations. Plaintiff also fails to allege "when" Defendant made any misrepresentations or "what" misrepresentations were communicated and relied upon. The amended complaint also fails to describe the Defendant's role in the alleged fraud in the inducement.

Plaintiff's fraud in the inducement allegations merely recite the elements of the claim and relies on conclusions and generalizations. The allegations are not sufficient to alert the Defendant "as to the particulars of [his] alleged misconduct," so that he can respond. *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.,* 532 F.3d 496, 504 (6th Cir. 2008).

Count V is dismissed without prejudice.

### III. CONCLUSION

Principles requiring generous construction of *pro se* pleadings are not without limits, and the Plaintiff's amended complaint on its face fails to state any plausible claim on which this Court may grant him relief.

Accordingly, the Plaintiff's application to proceed *in forma pauperis* in this matter (ECF No. 2) is **GRANTED**, and his amended complaint (ECF No. 6) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

**IT IS ORDERED**.

                                                s/ Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: December 19, 2019